IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30817
Conference Calendar
_____


JOSEPH H. MCNEESE, III,

                                        Plaintiff-Appellant,

versus

STATE OF LOUISIANA; SUPPORT ENF SVC SUPPORT
ENFORCEMENT SERVICES FOR THE 4TH JUDICIAL DISTRICT;
DISTRICT ATTORNEY 4TH JUDICIAL DISTRICT COURT; 4TH
JUDICIAL DISTRICT COURT; COURT OF APPEALS SECOND CIRCUIT
COURT OF APPEALS; LOUISIANA SUPREME COURT,

                                        Defendants-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. CA-95-0394-M
- - - - - - - - - -
March 1, 1996
Before GARWOOD, JONES, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     Joseph H. McNeese, III, appeals the dismissal of his civil
rights complaint as frivolous under 28 U.S.C. § 1915(d).  McNeese
fails to challenge the district court's determination that the
defendants were immune from suit and that he lacked standing to
sue Support Enforcement Services.  Although this court liberally
construes pro se briefs, see Haines v. Kerner, 404 U.S. 519, 520-

_____

     [*]     Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

21 (1972), the court requires arguments to be briefed in order to be preserved. Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). Thus, these issues have been abandoned. See id.

McNeese also argues that the district court erred in denying his motions for appointment of counsel. A trial court is not required to appoint counsel for an indigent plaintiff asserting a claim under § 1983 unless there are exceptional circumstances. Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). This case does not present exceptional circumstances and the district court did not abuse its discretion by failing to appoint counsel.

AFFIRMED.